John I. Henley
Bar No. 5-1947
Vlastos, Henley & Drell, P.C.
300 South Wolcott, Suite 320
P.O. Box 10
Casper, WY 82602-0010
Phone (307) 235-6613   Fax (307) 235-6645

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUL 2 1 2010

Stephan Harris, Clerk
Casper

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

KATRINA LUCERO and )
ELYSSIA LUCERO and )
ISAAC LUCERO, by and through their next )
Friend, guardian and Mother, KATRINA LUCERO )

Plaintiffs, )

v. )        Case No.:   **10cv 148-D**

VIKING INSURANCE COMPANY of )
WISCONSIN )
and )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY )

Defendants. )

# COMPLAINT

**COMES NOW** the Plaintiffs,  by and through Counsel John I. Henley of Vlastos, Henley

& Drell, P.C., and state and allege against the Defendants, Viking  Insurance Company of

Wisconsin and State Farm Mutual Automobile Insurance Company, as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Katrina Lucero is and was and is at all times relevant hereto, a resident of Natrona

County, Wyoming.

2.  Elyssia Lucero and Isaac Lucero are children of Katrina Lucero, their parent and next friend and guardian, and are and at all times relevant hereto, have been residents of Natrona County, Wyoming.

3.  Defendant Viking Insurance Company of Wisconsin is a foreign corporation, incorporated in the State of Ohio.

4.  State Farm Mutual Automobile Insurance Company is a foreign corporation, incorporated in  the State of Illinois.

5.  The collision which gives rise to this dispute occurred on December 18, 2009, in Casper, Natrona County, Wyoming.

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

7.  The amount in controversy is in excess of $75,000.00 and is sufficient to confer jurisdiction upon this Court.

8.  Venue pursuant to 28 U.S.C. § 1391 is proper with this Court.

## COMMON ALLEGATIONS

9.  On the 18th day of December 2009, Plaintiff Katrina Lucero, hereinafter Ms. Lucero or Plaintiff was the driver, of a vehicle which was hit in a violent motor vehicle collision.  The other two Plaintiffs, Elyssia Lucero and Isaac Lucero were passengers in the vehicle Ms. Lucero was driving.

10. Plaintiffs were in a vehicle owned by Jason Garriety.

11. At the time of this collision, the driver and occupants of the vehicle were insured for uninsured and under insured motor vehicle coverage and for medical payments pursuant to policy 505555700 issued by Viking Insurance Company of Wisconsin to Plaintiff Katrina Lucero.

12. On December 18, 2009, while Ms. Lucero was properly and safely operating the

Garriety vehicle, the Garriety vehicle was struck by a vehicle operated by Colby J.

Emms.

13. The vehicle that Colby J. Emms was operating was stolen; the vehicle was owned by

Nanette Holbrook, and was insured by a policy issued by State Farm Mutual

Automobile Insurance Company. This policy provided liability coverage, as well as

other insurance.

14. Colby J. Emms was at fault in causing the collision between the Holbrook vehicle and

the Garriety vehicle, which resulted in severe personal physical injuries to all the

occupants of the Garriety vehicle, the Plaintiffs.

15. The medical bills for treatment received for the Plaintiffs through March 30, 2010 are

as follows:

    a. Katrina Lucero are $15,486.11; (this does not include any follow up care)
    b. Elyssia Lucero are over $350,000.00; (this does not include any follow up care
    or rehabilitation.)
    c. Isaac Lucero are $10,568.18.

16. In addition, Plaintiff Katrina Lucero suffered not only personal physical injuries, but

also continues to suffer from the post traumatic emotional stress as well as loss of

enjoyment of life, and has and will into the future experience pain and suffering. She

has in fact been diagnosed with post traumatic stress disorder.

17. Subsequent to this collision, Plaintiff Elyssia Lucero began suffering seizures which

were caused by the collision referenced herein.

18. The damages suffered by the Plaintiffs far exceed the coverage as stated in the

insurance policies issued by Defendant Viking to Plaintiff Katrina Lucero and/or by

Defendant State Farm for the Holbrook vehicle.

19. The facts of the collision are clear in that Plaintiff was lawfully operating the Garriety vehicle, when the Holbrook vehicle crashed into the Garriety vehicle [hereinafter collision] causing the significant injuries to the Plaintiffs.

20. State Farm Mutual Automobile Insurance Company advised the Luceros that they deny coverage for the liability of Colby J. Emms because he was a non-permissive user, and therefore there is no insurance coverage pursuant the policy of insurance on the Holbrook vehicle.

21. The information regarding the denial of insurance by State Farm Mutual Automobile Insurance Company was conveyed to Viking Insurance Company of Wisconsin in April, 2010. Notwithstanding, the request for the uninsured motor vehicle and/or underinsured motor vehicle insurance to provide coverage to the three Plaintiffs for which coverage is clearly merited, Viking Insurance Company of Wisconsin has failed to communicate in any way whatsoever regarding the request of the Plaintiffs for uninsured and under insured motor vehicle coverage under the policy which had been purchased by the Plaintiff, Katrina Lucero.

22. Defendants have had more than sufficient time to evaluate their respective coverages as a result of this collision.

23. Defendant Insurance Companies both have an obligation as insurers, authorized to do business in the State of Wyoming, by the Wyoming Insurance Commissioner, to operate fairly and to provide truthful and accurate statements to claimants.

24. One, if not both, of the Defendants in this matter have not provided truthful and accurate statements to the Plaintiffs.

## CAUSE OF ACTION #2 – BAD FAITH

25. For their causes of action against Defendants Viking Insurance Company of Wisconsin and State Farm Mutual Automobile Insurance Company, Plaintiffs incorporates their prior allegations, Paragraph Nos. 1 through 23 above, as if the same were fully set forth individually.

26. Defendant State Farm Mutual Automobile Insurance Company owed the obligation of truth and fairness with respect to the coverage it may have on the Holbrook vehicle, so that the Plaintiffs may appropriately make claim against their own insurance company for uninsured or underinsured motor vehicle coverage.

27. Defendant Viking Insurance Company of Wisconsin has failed to timely and appropriately conduct an investigation and to these Plaintiffs' knowledge the Defendant Viking has conducted little or no investigation whatsoever and has ceased communication with the Plaintiffs regarding the underinsured/uninsured motor vehicle coverage.

28. Defendants, either by delaying payments due under their policy or by providing inaccurate information regarding the respective liabilities contained within their policies have delayed and denied the Plaintiffs who were injured through no fault of their own any type of initial recovery for the liability of one of the actors at fault – Colby J. Emms.

29. By delaying payments, not only have the Defendants acted without justification, but acted intentionally and used deceit, nondisclosure and have reneged on their promises, violated state law and/or violated industry customs, standards and/or deliberately attempted to obfuscate their responsibilities.

30. The conduct of the Defendants in this case have caused the Plaintiffs additional damages, including additional pain and suffering, sleepless nights, and loss of enjoyment of life as well as personal injury, as well as the injury to be able to carry on life in a usual manner due to lack of recovery of amounts which are obviously due.

31. In addition to inadequately investigating the claim, the Defendants have attempted to obfuscate and delay in order to force the Plaintiffs to abandon their claims.

32. The Defendants have engaged in trickery and deception.

33. The Defendants have deliberately misused information and/or misinterpreted records and/or policy provision for purposes of delaying or defeating coverage.

34. The Defendants by delaying and by not paying amounts due, have exploited the Plaintiffs vulnerable financial position following this loss in effort to obtain an unfair advantage either in settlement and/or forcing the Plaintiffs to simply abandon their claims for reimbursements that are rightly due.

35. Defendants have breeched their obligations of good faith and fair dealing and have breeched their obligations pursuant to Wyoming Statutes and Law.

36. Defendant Viking Insurance Company of Wisconsin and State Farm Mutual Automobile Insurance Company breached its obligations of good faith and fair dealings in the manner in which they investigated and manipulated this claim.

37. Defendant Viking Insurance Company of Wisconsin and State Farm Mutual Automobile Insurance Company breached its obligations of good faith and fair dealings in the manner in which it attempted to manipulate the Plaintiffs.

38. Defendant Viking Insurance Company of Wisconsin and State Farm Mutual
Automobile Insurance Company have breached their obligations of good faith and
fair dealings with respect to these Plaintiffs.

## CAUSES OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANT
## VIKING INSURANCE COMPANY OF WISCONSIN

39. For their cause of action against Defendant Viking Insurance Company of
Wisconsin, Plaintiff incorporates their prior allegations, Paragraph Nos. 1
through 38 above, as if the same were fully set forth individually.

40. Katrina Lucero had entered into a contractual relationship with Defendant
Viking Insurance Company of Wisconsin and her children Elyssia Lucero and
Isaac Lucero are third party beneficiaries of that Contract. (Policy No.
505555700).

41. Defendant Viking Insurance Company of Wisconsin breached that contract of
insurance.

42. The Plaintiffs, prior to this litigation being filed, were entitled to have the
contracted uninsured/underinsured coverage from Defendant Viking.

43. The Plaintiffs are entitled to judgment against the Defendant Viking Insurance
Company for breach of contract.

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT AGAINST DEFENDANT STATE FARM FOR LIABILITY COVERAGE FOR THE FAULT OF ACTOR COLBY EMMS

44.     For their cause of action against Defendant State Farm Mutual Automobile

        Insurance for Declaratory Judgment , these Plaintiffs incorporate their prior

        allegations, Paragraph Nos. 1 through 43 above, as if the same were fully set forth

        individually.

45.     Defendant Viking Insurance Company of Wisconsin has refused to acknowledge

        that it has the obligation to comply with it's policy issued to the Plaintiff Katrina

        Lucero; the only basis for such denial would be if State Farm Mutual Automobile

        Insurance Company owed the obligation of liability insurance coverage for the

        fault of actor Colby Emms.

46.     Defendant State Farm Mutual Automobile Insurance Company has stated that it

        has no liability coverage for the fault of Colby Emms.

47.     There is a justiciable issue regarding the obligation of State Farm Mutual

        Automobile Insurance Company to provide coverage for the fault of Colby

        Emms.

## CAUSE OF ACTION – PUNITIVE DAMAGES

48.     For their causes of action against Defendant Viking  Insurance Company of

        Wisconsin and State Farm Mutual Automobile Insurance Company, Plaintiffs

incorporate prior allegations, Paragraph Nos. 1 through 47 above, as if the same were fully set forth individually.

49. The conduct of the Defendant Viking Insurance Company of Wisconsin and State Farm Mutual Automobile Insurance Company are beyond the bounds of all possible decency.

50. The conduct of the Defendants Viking Insurance Company of Wisconsin and State Farm Mutual Automobile Insurance Company have been intentional and were done with malice and/or with deliberate indifference.

51. The conduct of the Defendants is sufficiently reprehensible to justify the imposition of punitive damages.

52. The conduct of Defendants Viking Insurance Company of Wisconsin and State Farm Mutual Automobile Insurance Company in this case were done in reckless disregard of the consequences and under such circumstance that a reasonable person would know, or have reason to know, that such conduct would, with a high degree of probability, result in harm to another.

53. The actions of Defendants Viking Insurance Company of Wisconsin and State Farm Mutual Automobile Insurance Company were done to improve the Defendants' financial positions and to improve the Defendant's bargaining power with respect to the Plaintiffs.

54. Defendants Viking Insurance Company of Wisconsin and State Farm Mutual Automobile Insurance Company should have judgment imposed against them for punitive damages.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants Viking Insurance

Company and State Farm  Mutual Automobile Insurance  for the full measure of

damages, including punitive damages, which would be due and owing them pursuant to

the policies of insurance  under the facts and circumstances which flow from this horrible

accident that shocked the entire Wyoming community over the Christmas season of 2009.

Plaintiffs further seek damages for Defendant  Viking  Insurance Company of Wisconsin

and State Farm Mutual Automobile Insurance Company's breach of its obligations of

good faith and fair dealings in its dealings with the Plaintiff and as well for its statutory

violations in communicating with and making inaccurate representations to and with

respect to valid claim pursuant to Wyoming laws and statutes, and for costs, for personal

physical injury damages that are due in owing the Plaintiffs and for a declaration

regarding the obligation to pay under its liability coverage for the fault of  Colby Emms,

and for such further and additional damages are just and equitable.

**DATED** this ʒιᵈᵗ day of July, 2010.

KATRINA LUCERO,
ELYSSIA LUCERO
and ISAAC LUCERO,
Plaintiffs

John I. Henley
VLASTOS, HENLEY & DRELL, P.C.
Bar No. 5-1947
300 South Wolcott, Suite 320
P.O. Box 10
Casper, Wyoming 82602
Phone (307) 235-6613      Fax (307) 235-6645

ATTORNEY FOR PLAINTIFFS