Julie Nye Tiedeken
Wyoming Bar #:5-1949
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
P.O. Box 748
Cheyenne, WY 82003
307-637-5575

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| KATRINA LUCERO, and ELYSSIA LUCERO, and ISAAC LUCERO, by and through their next friend, guardian and Mother KATRINA LUCERO | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 10-cv-148-D |
| VIKING INSURANCE COMPANY of WISCONSIN and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**COMES NOW** State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), by and through its attorney, Julie Nye Tiedeken, and pursuant to Rule 12(b)(6) of the Wyoming Rules of Civil Procedure and moves to dismiss the Complaint against it for failure to state

a claim upon which relief can be granted and pursuant to Rule 12(b)(1) for lack of jurisdiction over the subject matter. In support of this Motion, it relies on its Memorandum of Law and shows the Court as follows:

1. The Complaint herein alleges as follows:

   a. That on December 18, 2009, Plaintiff, Katrina Lucero, was the driver of a vehicle which was hit by a vehicle operated by Colby J. Emms. The other plaintiffs were passengers in the vehicle she was driving. (¶ 1)

   b. That the vehicle Ms. Lucero was driving was struck by a vehicle operated by Colby J. Emms and Colby J. Emms was at fault in causing the collision which resulted in personal injuries to plaintiffs. (¶ 12, ¶14)

   c. That the vehicle operated by Colby J. Emms was stolen from its owner, Nanette Holbrook. (¶ 13)

   d. That the vehicle owned by Nanette Holbrook was insured by State Farm. (¶ 13)

   e. That State Farm advised plaintiffs that there is no coverage for the liability of Colby J. Emms under Holbrook's policy of insurance because he was a non-permissive user of the vehicle. (¶ 20)

2. Plaintiffs have alleged a claim of "bad faith" against State Farm alleging that it breached a duty of good faith and fair dealing owed to plaintiffs.

3. As more fully set out in its Memorandum of Law which is incorporated herein by reference, State Farm does not owe a duty of good faith to the Plaintiffs, who are third-party claimants, and they have no direct cause of action against State Farm under Wyoming Law either

in tort or contract.

4.      Plaintiffs have also alleged a cause of action for Declaratory Judgment against State Farm alleging " that there is a justiciable issue regarding the obligation of State Farm to provide coverage for the fault of Colby Emms".

5.      As more fully set out in its Memorandum of Law which is incorporated herein by reference, the Complaint does not allege a justiciable controversy and as a result this Court does not have subject matter jurisdiction to enter a Declaratory Judgment.

**WHEREFORE**, State Farm requests that the Complaint against it be dismissed, that it recover its cost incurred herein and for such other and further relief as the Court deems proper in the premises.

DATED this ___16___ day of ___Aug.___, 2010.

_____
JULIE NYE TIEDEKEN
Wyoming Bar #:5-1949
McKellar, McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY  82001
(307) 632-0808
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the _11_ day of _Aug_____, 2010 a true and correct copy of the foregoing document entitled *State Farm Mutual Automobile Insurance Company's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted,* was served as follows:

John Henley                           (__) U.S. MAIL
Vlastos, Henley & Drell P.C.          (__) HAND DELIVERY
300 South Wolcott, Ste 320            (__) FACSIMILE
PO Box 10                             (_X_) OTHER-e-filing
Casper, WY 82602-0010

_____
McKellar, Tiedeken & Scoggin, LLC