Julie Nye Tiedeken
Wyoming Bar #:5-1949
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
P.O. Box 748
Cheyenne, WY 82003
307-637-5575

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| KATRINA LUCERO, and | ) | |
| ELYSSIA LUCERO, and | ) | |
| ISAAC LUCERO, by and through | ) | |
| their next friend, guardian and Mother | ) | |
| KATRINA LUCERO | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-148-D |
| | ) | |
| VIKING INSURANCE COMPANY of | ) | |
| WISCONSIN | ) | |
| and | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF STATE FARM'S MOTION TO DISMISS COMPLAINT

**COMES NOW** State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), by and through its attorney, Julie Nye Tiedeken, and submits the following Memorandum of Law in support of its Motion to Dismiss the Complaint.

**Facts**

The Complaint herein alleges that on December 18, 2009, Plaintiff, Katrina Lucero (hereinafter "Ms. Lucero"), was the driver of a vehicle which was hit by a vehicle operated by Colby J. Emms (hereinafter " Emms"). The other plaintiffs were passengers in the vehicle Ms. Lucero was driving. (¶1) Emms was at fault in causing the collision which resulted in personal injuries to plaintiffs. (¶12,¶14) The vehicle operated by Emms was stolen from its owner, Nanette Holbrook (hereinafter "Holbrook") . (¶13) The vehicle owned by Holbrook was insured by State Farm. (¶13) The Complaint further alleges that State Farm advised plaintiffs that there is no coverage for the liability of Emms under Holbrook's policy of insurance because he was a non-permissive user of the vehicle. (¶20)

Plaintiffs have alleged two causes of action against State Farm. The first claim in titled "bad faith" and alleges that State Farm breached a duty of good faith and fair dealing owed to Plaintiffs. The second cause of action seeks a Declaratory Judgment regarding the obligation of State Farm to provide coverage for the fault of Emms.

**Discussion**

**A.  Plaintiffs have not alleged facts in the Complaint which state a claim under Wyoming law for a breach of the duty of good faith and fair dealing.**

When considering a motion to dismiss a complaint, pursuant to Rule 12(b)(6),W.R.C.P. on the ground that it fails to state a claim on which relief can be granted, the facts alleged in the complaint are admitted and the allegations must be viewed in the light most favorable to the plaintiffs. *Gates v. Richardson 719 P.2d 193 (Wyo. 1986).*

The Complaint alleges that Colby J. Emms was driving a stolen vehicle owned by Nanette

Holbrook, an insured by State Farm at the time of the accident, and that he was at fault for the accident. The Plaintiffs have a cause of action under Wyoming law for negligence against Colby J. Emms. At best, the relationship between Plaintiffs and State Farm is that of third- party claimants. The Wyoming Supreme Court has held that an insurer owes no duty of good faith and fair dealing to a third- party claimant. Accordingly, a third party claimant does not have a cause of action for bad faith either in contract or in tort against the insurer. *Herrig v. Herrig 844 P.2d 487 (Wyo. 1992).* Plaintiffs have not alleged any facts upon which relief can be granted to them and their cause of action for "bad faith" should be dismissed.

**B.      Plaintiffs have not alleged sufficient facts which would give the Court jurisdiction to enter a Declaratory Judgment.**

Declaratory Judgments are governed by the Uniform Declaratory Judgments Act W.S. § 1-37-101 through 1-37-114. Section 1-37-102 provides that Courts may declare rights, status and other legal relations whether or not further relief is or could be claimed. Section 1-37-103 defines the rights which may be subject to declaration under the act and the parties who may seek a declaration of their rights as follows:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statue, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations.

In order for a court to have jurisdiction over a declaratory judgment action, the "right" to be declared must fall within the scope of the act and the plaintiff must be an "interested person". The requirement of "interest" captures the basic doctrine that there must be a justiciable controversy before relief will be granted. *William F. West Ranch, LLC v. Tyrrell , 2009 WY 62, 206 P.3d 722*

*(Wyo. 2009)* citing *Cox v City of Cheyenne, 2003 WY 146, 79 P.3d 500 (Wyo. 2003)*. The Wyoming

Supreme Court has articulated a four-part test for determining whether a party presents a justiciable

controversy sufficient to maintain a declaratory judgment action:

> 1. The parties have existing and genuine, as distinguished from theoretical, rights or interests.
>
> 2. The controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument evoking a purely political, administrative, philosophical or academic conclusion.
>
> 3. It must be a controversy the judicial determination of which will have the force and effect of a final judgment in law or decree in equity upon the rights, status or other legal relationships of one or more of the real parties in interest, or, wanting these qualities to be of such great and overriding public moment as to constitute the legal equivalent of all of them.
>
> 4. The proceedings must be genuinely adversary in character and not a mere disputation, but advanced with sufficient militancy to engender a thorough research and analysis of the major issues.

*Cox supra.*

Applying these factors, the Wyoming Supreme Court has held that the Declaratory Judgments

Act does not give the courts the power to determine future rights or anticipated disputes or

controversies. The plaintiff must present an existing and genuine controversy to the court in order

for it to have jurisdiction to render a declaratory judgment. *William F. West Ranch, LLC v. Tyrell*

*supra.*

The Plaintiffs are not parties to the insurance contract between State Farm and Holbrook and

they do not allege nor do they have a contractual interest in the policy of insurance which they are

asking the Court to construe. The Plaintiffs do not allege that they have filed suit against Emms or

that they have obtained a Judgment against him which is unsatisfied. In *Mt. West Farm Bur. Mut.*

*Ins. V. Hallmark Ins. 561 P.2d 706 (Wyo. 1977)*, there was a dispute between two insurance

companies over which company would have liability coverage for a claim against their respective insureds. The Wyoming Supreme Court held that the trial court lacked jurisdiction to enter a declaratory judgment because there was no justiciable controversy. The Court determined that there was no justiciable controversy because the appellant sought to have the court determine the rights and obligations under contracts to which it was not a party and an insurance policy to which it was not a party. The Supreme Court did recognize that declaratory judgment is an appropriate vehicle for determining the rights and liabilities between insurance companies and their insureds. In this case; however, Plaintiffs are not insureds and they do not allege that either Holbrook or Emms have a dispute with State Farm on whether there is liability coverage for Emms under State Farm's policy. Plaintiffs fail to meet part one of the test in that they have failed to show that they have an "interest" in State Farm's policy of insurance.

More importantly, Plaintiffs do not allege that they disagree with State Farm's determination that there is no coverage for the liability of Emms under Holbrook's policy of insurance because he was a non-permissive user of the vehicle. Plaintiffs allege that the vehicle was stolen so there is no dispute as to whether the use was non-permissive. Plaintiffs do not allege that even though Emms was a non-permissive user of the vehicle, that State Farm's policy would still provide liability coverage. To the contrary, Plaintiffs have alleged that they have made an uninsured motorist claim with their own insurance carrier The Complaint also fails to meet part four of the test, which is to allege facts which show that the proceeding is genuinely adversary in character.

Because Plaintiffs do not have an interest in State Farm's policy of insurance and do not allege a genuine adversarial dispute, the Court does not have jurisdiction to enter Declaratory Judgment in this matter.

**Conclusion**

For the reasons set forth above, the Complaint against State Farm should be dismissed.

DATED this _16_ day of _Aug._ , 2010.

JULIE NYE TIEDEKEN
Wyoming Bar #:5-1949
McKellar, McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
(307) 632-0808
Attorney for Defendant

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on the _14_ day of _Aug._ _____, 2010 a true and correct copy of the foregoing document entitled *Memorandum of Law in Support of State Farm's Motion to Dismiss Complaint,* was served as follows:

John Henley                              (__) U.S. MAIL
Vlastos, Henley & Drell P.C.             (__) HAND DELIVERY
300 South Wolcott, Ste 320               (__) FACSIMILE
PO Box 10                                (_X_) OTHER-e-filing
Casper, WY 82602-0010

McKellar, Tiedeken & Scoggin, LLC

-7-