John I. Henley
Bar No. 5-1947
Vlastos, Henley & Drell, P.C.
300 South Wolcott, Suite 320
P.O. Box 10
Casper, WY 82602-0010
Phone (307) 235-6613   Fax (307) 235-6645

Attorney for Plaintiffs

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG 3 0 2010  3:55pm

Stephan Harris, Clerk
Casper

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KATRINA LUCERO and ELYSSIA LUCERO and ISAAC LUCERO, by and through their next Friend, guardian and Mother, KATRINA LUCERO<br><br>Plaintiffs,<br><br>v.<br><br>VIKING INSURANCE COMPANY of WISCONSIN and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>Defendants. | Case No.: 10-CV 148-D |

## OPPOSITION TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS

**COMES NOW** the Plaintiffs, by and through Counsel John I. Henley of Vlastos, Henley & Drell, P.C., and hereby opposes the Motion to Dismiss Defendant State Farm Mutual Automobile Insurance Company.

*Lucero v. Viking Insurance Company and State Farm*
Opposition to Motion to Dismiss
Page 1 of 9

## STANDARD OF REVIEW

Dismissal is appropriate only if it appears that a Plaintiff can prove no set of facts under which he would be entitled to relief. *Coosewoon v. Meridian Oil Co.,* 25 f.3D 920, 924 (10th Cir. 1994). In reviewing the motion the Court must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to Plaintiff. *Estes v. Wyoming Dept of Transp.,* 302 F.3d 1200, 1203 (10th Cir.2002). The dismissal of a complaint is a "harsh remedy which must be cautiously studies, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interest of justice." *Summum v. Callaghan,* 130 F.3d 906,913 (10th Cir. 1997).

## FACTS

Just prior to Christmas in 2009 the three Plaintiffs were involved in a violent motor vehicle collision. Colby Emms, the driver of the vehicle that crashed into the Plaintiffs, had stolen the vehicle.

Mr. Emms was one of the actors at fault in causing the collision. The collision resulted in severe personal injuries to the Plaintiffs, including over $350,000.00 in the medical bills for Elyssia Lucero at the time of the filing of the Complaint and over $25,000.00 combined in medical bills for the other two Plaintiffs. These amounts have increased since the filing of the complaint.

In addition to the personal physical injuries suffered by each of the Plaintiffs, they all were present while the others were injured and have a separate claim for their emotional distress in witnessing the injuries to the other members of their family.

*Lucero v. Viking Insurance Company and State Farm*
Opposition to Motion to Dismiss
Page 2 of 9

The Plaintiff, Katrina Lucero, the driver of the vehicle which was hit by the vehicle driven by Mr. Emms purchased a policy of insurance, which included uninsured motorist coverage issued by Defendant, Viking Insurance Company of Wisconsin (Viking).

As a prerequisite of receiving payment under the Viking uninsured coverage, with respect to Mr. Emms, it had to be determined whether Mr. Emms had insurance. Mr. Emms was driving a vehicle which was insured by State Farm Mutual Automobile Insurance Company (State Farm).

Both State Farm as well as Viking were made aware of the collision, and that one of the actors at fault was Mr. Emms.

Although the amount of injury and damages vastly exceeded both policies, neither State Farm nor Viking stepped up to acknowledge responsibility under their policy. Instead State Farm advised that they had no coverage for the liability of Mr. Emms.

Viking was advised that State Farm denied coverage and had an obligation to determine this themselves, but communicated in no way whatsoever with the Plaintiffs; Viking's communications with State Farm are unknown.

Thus, there is a question as to whether State Farm has misrepresented its' coverage with respect to Mr. Emms. Otherwise, one would think that Viking, would have on their own accord paid the minimal claims of $25,000 per person, $50,000 per accident for uninsured motorist coverage to the Plaintiffs immediately.

Instead the Plaintiffs were stuck within the Insurance company created purgatory of delay, deny and don't respond.[1]

---

[1] Interesting enough, since this Complaint was filed Viking has now indicated that it will pay its policy for the fault of Mr. Emms. This may make the Motion of State Farm and this response moot, but given the difficulty failure of the insurers to provide any help at all to the Plaintiffs makes this only a possibility, not a given.

*Lucero v. Viking Insurance Company and State Farm*
Opposition to Motion to Dismiss
Page 3 of 9

## ANALYSIS

State Farm contends that it had no duties whatsoever to the Plaintiffs. It is wrong.[2]

In *Distad v Cubin,* 633 P.2d 167 (Wyo 1981) the Wyoming Supreme Court held that a standard of care may be adopted from a legislative enactment. Indeed in *Hagar v. Mobley*, 638 P.2d 127 (Wyo. 1981) the Supreme Court concluded that real estate brokers, because they were licensed, and the licensing statutes made reference to certain standards, were subject to those standards; while the Plaintiffs don't contend that the individual listings of statutory requirements provide a private right of action, the standards do in fact create duties, not only to their own insureds, but in some circumstances to the general public with whom licensed entities and professionals deal.

In this case, State Farm asserts not withstanding the need for information, that the Luceros had regarding coverage of Mr. Emms, one of the actors at fault in this claim, that an insurer has no duty to provide that information accurately; the result sought by State Farm would give license to an insurer to make misrepresentations.

The Wyoming Statutory scheme is replete with requirements that insurers and their agents act forthrightly and honestly.

Discussing the grounds for suspension and revocation of an insurers authority to do business in the State of Wyoming, three of the grounds set forth are:

> i. Failing to pay claims arising under its policies, whether the claim is in favor of an insured, or is in favor of a third person with respect to the liability of an insured to that third person;
> ii. Delaying payment of claims; or

---

[2] State Farm cited only one case in support of its' Motion regarding lack of any duty to Plaintiffs; It cited Herrig v Herrig 844 P.2d 497 (Wyo. 1992). Herrig v Herrig, though did not involve circumstances here, in this case in order for the Plaintiffs to pursue their own insurer for their own uninsured motor vehicle coverage, they need an honest and accurate determination from the carrier who may provide Mr. Emms with liability coverage. That was not addressed even remotely by the Herrig court.

*Lucero v. Viking Insurance Company and State Farm*
Opposition to Motion to Dismiss
Page 4 of 9

iii. Compelling insureds or claimants to accept less than the amount due them, or to employ attorneys, or to bring suit against the insurer or an insured to secure full payment or settlement of claims. Wyoming Statute §26-3-116 (b)(ii).

Similarly licensure under the Wyoming Insurance Code may be revoked due to:

1. Intentionally misrepresenting the terms of an actual or proposed insurance contract or application for insurance;
2. Having admitted or to have been found to have committed any insurance unfair trade practice or fraud; and
3. Using fraudulent or coercive dishonest practices or demonstrating incompetence, untrustworthiness or financial irresponsibility in the conduct of business in the state or elsewhere.   Wyoming Statute §26-9-211(a)(v)(vii)(viii)

A more generic obligation upon an insurance adjuster set forth in Wyoming Statute §26-9-219(b)(iv) where qualified to be an insurance adjuster one must be "trustworthy and of good reputation".

Earlier cited statute 26-9-211 referenced unfair trade practices or fraud in Wyoming Statute §26-13-102 referenced generally as an unfair or deceptive act or practice in the business of insurance. Specifically there are unfair claim settlement practices which are enumerated in some detail and those would include:

> (i) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
> (ii) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
> (iii) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance polices;
> (iv) Refusing to pay claims without conducting a reasonable time after proof of loss statements have been completed;
> (vi) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
> (xiv) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;  Wyoming Statute §26-13-102

Finally, Wyoming Statute §26-15-124(c) references any insurance policy or certificate, including liability insurance policies. It provides:

*Lucero v. Viking Insurance Company and State Farm*
Opposition to Motion to Dismiss
Page 5 of 9

> In any actions or proceedings commenced against any insurance company on any insurance policy or certificate of any type or kind of insurance, or in any case where an insurer is obligated by a liability insurance policy to defend any suit or claim or pay any judgment on behalf of a named insured, if it is determined that the company refuses to pay the full amount of a loss covered by the policy and that the refusal is unreasonable or without cause, any court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest at tem (10%) per year.

State Farm has been down this road, or at least a road very similar in another case. In *Cathcart v. State Farm Mut. Auto. Ins. Co.* 123 P.3d 579 (Wyo. 2005) State Farm was sued for breach of contract as well as bad faith. The Supreme Court made it clear that bad faith could be pursued without a breach of contract. Of note in the underlying District Court case, State Farm had obtained a partial summary judgment, but one of the issues that went to trial was the breach of statutory duty claims of the Cathcarts. As noted in the Court's footnote, the Cathcarts had alleged claims for breach of duty posed by Wyoming Statute §26-15-124 (c) (Lexis Nexis 2005) failure to investigate and evaluate the insurance claim, intentional infliction of emotional distress, negligent infliction of emotional distress, etc.

As noted by the Wyoming Supreme Court in the analogous case addressing the license in real estate the Court found that the regulatory scheme was to impose obligations of honesty, integrity, trustworthiness and competency. *Hagar v Mobley* (Wyo. 1981), 638 P.2d 127, p 136. "An act licensing real estate agents must be construed in the light of an obvious purpose of protecting the public in the handling of important and valuable transactions…" id.

*State Farm Mut. Auto. Ins. Co. v. Schrader* 822 P.2d 813, 834 (Wyo. 1994) is also instructive. In that case uninsured motor vehicle insurance coverage was contested by State Farm. State Farm argued, as it does in this present case on the declaratory judgment issue, that one seeking uninsured motor vehicle insurance coverage must obtain determination of the fault

*Lucero v. Viking Insurance Company and State Farm*
Opposition to Motion to Dismiss
Page 6 of 9

and the damages caused by the uninsured motorist before filing a direct action against the insurer.

The Supreme Court rejected State Farm's position. The Supreme Court held that the purpose of uninsured motor vehicle was to protect an insured from the filing of multiple lawsuits and to have a determination made in a less expensive and less annoying format. *State Farm Mut. Auto. Ins. Co. v. Schrader* 822 P.2d 813, 834 (Wyo. 1994).

In so holding, the Supreme Court specifically rejected State Farms contention that a party seeking to recover on a claim for benefits under underinsured motorist coverage should be treated as a third party claimant, therefore as an adversary.

The interesting paradox in this case is that the insurance provision was with Viking for the coverage, but that coverage will not come into play unless State Farm honestly and accurately evaluated and communicated the determination regarding the coverage of one of the actors, in this case, Mr. Emms.

Therefore, the Plaintiffs in this case, based upon the lack of communication from Viking, were unsure which policy provided coverage for the fault of Mr. Emms.

To have the system work, so that individuals who do purchase uninsured motor vehicle coverage do not have to file multiple suits must be able to obtain accurately and without misrepresentation the extent of coverage available or not available; that is the threshold question. Without an obligation to do so accurately or without misrepresentation then the process leaves parties, such as these Plaintiffs, with no option but to file a multiplicity of suits in an effort to get that threshold question decided.

On the question of whether under a liability claim the claimant has a right to be represented in such a declaratory judgment proceeding, the law is supportive of the Plaintiffs. Reputable authority holds that in an action to construe a liability insurance policy so as to determine

*Lucero v. Viking Insurance Company and State Farm*
Opposition to Motion to Dismiss
Page 7 of 9

coverage, the injured party who is the potential claimant is an indispensable party to the action. *Connolly v. Great Basin Ins Co.*, 6 Ariz. App. 280, 431 P2.d 921 (Ariz. App 1967) *Finley v. Factory Mutual Liability Insurance Co.*, 6 Ariz. App. 285.  38 N.J.Super. 390, 119 A.2d 29 (1955); *Updike Investment Co. v. Employers' Liability Assur. Corp.*, 128 Neb. 295, 258 N.W. 470 (1935); *Royal Indemnity Co. v. Hartford Accident & Indemnity Co.*, 58 N.J.Super. 75, 155 A.2d 270 (1959); *Insurance Company of State of Pennsylvania v. Lumbermens Mutual Casualty Co.*, 405 Pa. 613, 177 A.2d 94 (1962); see Annot. 71 A.L.R.2d Declaratory Judgments--Parties 723, at 747 et. seq.

The claims against State Farm should not be dismissed.  There may be facts which support a cause of action against State Farm.  The claimants, in this case the Plaintiffs, clearly should be entitled to be represented in any action to determine whether State Farm has an obligation to provide liability coverage for the conduct of Mr. Emms. (Also see the four requirements referenced in *Brimmer v. Thompson* 521 P.2d 574, 578 (Wyo. 1974), all of which are present here.

As noted under the Standard of Review section there must not be any facts which may be proved which could indicate a breach of duty upon the Defendant.  In this case the Insurance companies may have been acting in concert to delay and deny the claims of the Plaintiffs, or if there were intentional and deliberate misrepresentations which now have resulted in delay and litigation, then State Farm has breeched its duties of honesty and good faith.

This is a case where Discovery needs to be undertaken, the phone logs and phone recordings of both insurance companies need to be analyzed as well as their claim notes and potentially depositions of those claim representatives who were communicating, not communicating or miscommunicating regarding the Plaintiffs' claims, which should have been handled immediately and with a good deal of humility towards these innocent victims.

*Lucero v. Viking Insurance Company and State Farm*
Opposition to Motion to Dismiss
Page 8 of 9

DATED this 30th day of August, 2010.

          KATRINA LUCERO,
          ELYSSIA LUCERO
          and ISAAC LUCERO,
          Plaintiffs

          _____
          John I. Henley
          VLASTOS, HENLEY & DRELL, P.C.
          Bar No. 5-1947
          300 South Wolcott, Suite 320
          P.O. Box 10
          Casper, Wyoming 82602
          Phone (307) 235-6613    Fax (307) 235-6645

          ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the above and foregoing document upon all parties on the 30th day of August, 2010, by mailing the copies by U.S. Mail, postage prepaid, addressed as follows:

| | |
|---|---|
| Richard G. Schneebeck<br>Hirst Applegate, LLP<br>1720 Carey Avenue, Suite 200<br>Cheyenne WY 82003 | [ ] U. S. Mail -**Certified Mail**<br>[ ] U.S. Mail<br>[ ] Federal Express<br>[ ] Hand Delivery<br>[ ] Fax  ✓ one e-filed |
| Julie Nye Tiedken<br>McKellar Tiedeken & Scoggin, LLC<br>702 Randall Avenue<br>Cheyenne WY 82003 | [ ] U. S. Mail -**Certified Mail**<br>[ ] U.S. Mail<br>[ ] Federal Express<br>[ ] Hand Delivery<br>[ ] Fax  ✓ open e-file |

_____
John I. Henley

*Lucero v. Viking Insurance Company and State Farm*
Opposition to Motion to Dismiss
Page 9 of 9